THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SOUTHERN ELECTRIC COIL LLC, | ) | Case No. 11 B 32840 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**NOTICE OF MOTION**

TO: Attached Service List

    **PLEASE TAKE NOTICE THAT** on March 25, 2014, at 10:00 a.m., I shall appear before the Honorable Judge Pamela S. Hollis, or any other judge sitting in her stead, in Room 644, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtors' Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

**CERTIFICATE OF SERVICE**

    I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 4th day of March 2014.

                                                                             /s/ Gregory K. Stern
                                                                              Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

David Doyle
Shaw Fishman Glantz Towbin
321 North Clark Street
Suite 800
Chicago, Illinois 60654

Howard L. Adelman
Adelman & Gettleman
53 West Jackson Boulevard
Suite 1050
Chicago, Illinois 60604

Harold Rosen
Wolin & Rosen, Ltd.
55 West Monroe Street
Suite 3600
Chicago, Illinois 60603

**Parties Served Via US Mail**

Southern Electric Coil LLC
5025 Columbia Avenue
Hammond, IN 46327

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SOUTHERN ELECTRIC COIL LLC, | ) | Case No. 11 B 32840 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date and Time: |
| | ) | March 20, 2014 at 10:00 a.m. |

**DEBTOR'S ATTORNEYS' FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Southern Electric Coil, LLC as Debtor and Debtor in Possession ("SEC" or "Debtors") in this Chapter 11 case, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $177,976.00 for 481.70 hours of professional services rendered to the Debtor and reimbursement of costs and expenses in the amount of $2,187.37 and authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $10,398.40, and, in support thereof, state as follows:

1.      On August 11, 2011, SEC filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.  The Debtor is authorized to operate its business as Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code; and. no trustee has been appointed in this case.

2.      On January 23, 2014, the Debtor's First Amended Plan of Reorganization was confirmed.

3.      The Debtor has paid all quarterly fees due to date to the United States Trustee.

4.      The Debtor has filed all monthly operating reports due to date.

5.      In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the United States Trustee, all creditors and parties in interest.

6.      On September 1, 2011, the Court entered an Order Authorizing Employment of Attorneys

(Docket No. 29).

7.    The rates at which the Attorneys seek compensation are their usual and customary hourly rates, as in effect from time to time, charged for bankruptcy and other work of this nature, performed for other clients.

8.    On December 16, 2011, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 74); and, on January 12, 2012, an Order Entering Findings of Fact and Conclusions of Law Awarding to Gregory K. Stern, P.C., Attorneys for Debtor, Allowance and Payment of First Interim Application for Compensation and Reimbursement of Expenses was entered (Docket No. 84) awarding $73,215.00 to Counsel for professional services rendered and costs expended from August 9, 2011, through December 14, 2011, and, the Attorneys have received payment, in full, of the allowed compensation and reimbursement of costs and expenses sought in the First Application.

9.    On October 23, 2012, the Attorneys filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 121); and, on November 15, 2012, an Order Allowing Second Interim Compensation and Reimbursement of Costs and Expenses was entered (Docket No. 123) awarding Gregory K. Stern, P.C., Attorneys for Debtor, $53,074.88 for professional services rendered and costs expended from December 15, 2011, through October 19, 2012, and, the Attorneys have received payment, in full, of the allowed compensation and reimbursement of costs and expenses sought in the Second Application.

10.    On November 25, 2013, the Attorneys filed their Third Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Third Application") (Docket No. 169); and, on December 19, 2013, the Court entered and Order Allowing Third Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 181) awarding the Attorneys

$43,474.99 for professional services rendered and costs expended from October 20, 2012, through November 22, 2013, and the Attorneys have received payment in full of the allowed compensation and reimbursement sought in the Third Application.

11. The Attorneys have expended an additional 26.2 hours of professional services from November 23, 2013 through February 26, 2014, as set forth in the Time Sheets attached hereto and made a part hereof.

12. The professional services rendered from August 9, 2011 through February 26, 2014, have been separated into seven (7) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Debtor in Possession and the benefit of the estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 84.8* |
| B. Cash Collateral and Adequate Protection | 99.2 |
| C. Governance and Equity Interests | 28.20 |
| D. Claims and Claim Actions | 18.1 |
| E. Lease Negotiations and Assumption | 9.70 |
| F. Nardoni Collateral Dispute | 80.90 |
| G. Plan and Disclosure Statement | 134.30 |
| H. Professionals | 21.1 |
| I. Setoff Recovery | 5.4 |
| **TOTAL:** | **481.70** |

*Does not account for 1.5 hours previously disallowed in interim applications; Attorneys are not seeking approval of those fees.

12. The professional services were rendered within the service categories as follows:

A. **General Case Administration** – This service category involved 84.8 hours of services that generally includes the following: **1)** Meetings, teleconferences and correspondence with Greg Dubrick ("GD") and Debtor's support staff, regarding preparation of and format for Debtor in Possession operations, operating reports, monthly preparation of same, workers compensation insurance, case status, notices, case goals and strategy, communications with parties in interest; **2)** Communications with the U.S. Trustee's office regarding case, operating reports, trustee's quarterly fees and case administration; **3)**

3

Communications with creditors' attorneys regarding Chapter 11 case status; Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case; **4)** Drafting Motion for Authorization to Pay Employee Obligations, Motion to Extend Time to File Schedules and Statement of Financial Affairs, Notices and Orders; **5)** Investigating Debtor's assets and liabilities and reviewing documentation relating to same; **6)** Drafting Petition, Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, amendments and miscellaneous documents; **7)** Representation at initial debtor interview, meeting of creditors and meetings with U.S. Trustee; **8)** Services relating to operating reports and other reporting requirements; **9)** Court appearances; **10)** Organizing and maintaining Debtor's files; and, **11)** General case administration matters.

B.  **Cash Collateral and Adequate Protection -** This service category involved 99.2 hours of services related to the Debtor's use of cash collateral. The Debtor, Claire Nardoni and FirstMerit Bank engaged in communications regarding cash collateral and the Debtor's budget and the Debtor has been permitted the use of cash collateral.

The services rendered in this service category generally included the following: **1)** Reviewing loan documents and UCC filings; **2)** Teleconferences, communications and meetings with secured creditor's attorneys regarding budgetary issues, adequate protection payments, objections to continued use of cash collateral, and hearings on use of cash collateral; **3)** Drafting Motion to Use Cash Collateral, Notice and Orders; **4)** Teleconferences, meetings and communications with GD and Debtor's representatives regarding accounts receivable, business operations, DIP budget, cash collateral hearings and adequate protection payments; **5)** Representation of Debtor at Court hearings. **6)** Reviewing DIP reconciliations and accounts receivable aging(s); **7)** Teleconferences, communications and meetings with secured creditors and their attorneys negotiating budgets, use of cash collateral, adequate protection payments, hearings on use of cash collateral; **8)** Reviewing updated budgets; and, **9)** Representation of Debtor at Court hearings on the use of cash collateral.

C.  **Governance and Equity Interests -** This service category involved 28.2 hours of services and included matters involving corporate governance and equity interests claims against the Debtor that included the following: **1)** Teleconference, meetings and other communications with attorneys for Claire

4

Nardoni and Richard Skurka relating to Chapter 11, corporate governance, business operations, Skurka demands relating to same and resolution of dispute and equity interests; **2)** Reviewing and providing comments to drafts of settlement agreement; **3)** Drafting Motion to Approve Compromise and Settlement, Notice and Order; **4)** Research issues impacting corporate governance and monetary claims against the estate of the Debtor and disassociated member of limited liability company; and, **5)** Representation at Court hearings..

D.      **Claims and Claim Actions** – This service category involved 18.1 hours of services related to claims against the Debtor that included the following: **1)** Reviewing creditor proofs of claim and supporting documentation; **2)** Teleconferences, meetings and other communications with Debtor relating to creditor claims and objections to claims; **3)** Teleconferences and other communications with creditor attorneys relating to creditor claims; **4)** Drafting Motion to Set Claims Bar Date, Motion to Abandon Equipment, Notices, Certificate of Service and Service List; **5)** Reviewing creditor Motion for Allowance of Administrative Claim and investigation of 503(b)(9) claims; **6)** Negotiations with creditors and counsel to adjust claims; **7)** Drafting Claim Objections and Agreed Orders; and, **8)** Court – Representation at hearings.

E.      **Lease Negotiations and Assumption** – This service category involved 9.7 hours of services involving services related to leases negotiations relating to the commercial lease of real property used by the Debtor for its business operations that included the following: **1)** Teleconferences and other communications with landlord attorney regarding lease, lease extension negotiations, First Merit litigation and possible First Merit claim against Debtor's leasehold interests; **2)** Teleconferences and other communications with Debtor and attorneys relating to lease and lease extension negotiations; **3)** Reviewing lease extension agreement and drafting Motion to Authorize Debtor to Enter Into 2d Lease Extension, Notice and Order; **4)** Reviewing Debtors' real and personal property leases and contracts; **5)** Teleconferences and communications with GD related to leases and effect of bankruptcy; and **6)** Draft Motion to Assume Lease and Authorize Lease Extension, Notices and Order; and, **7)** Court – Representation at hearings..

F.      **Nardoni Collateral Dispute -** This service category involved 80.9 hours of services that

included services pertaining to the Nardoni Collateral pledged to FirstMerit Bank and the disputes relating to the Nardoni Collateral, and includes the following: **1)** Meetings, teleconferences and correspondence with GD and attorneys for Claire Nardoni regarding removal of Circuit Court case to Bankruptcy Court, FirstMerit Bank's Motion to Withdraw Reference and Motion to Abstain and resolution of removed Circuit Court case; **2)** Meetings, teleconferences and correspondence with FirstMerit Bank's attorneys re the Nardoni Collateral, removal of Circuit Court case, Motion to Withdraw Reference and Motion to Abstain or Remand; **3)** Meetings, teleconferences and correspondence with PNC Financial and Bernardi Securities' attorneys regarding the Nardoni Collateral, removal of Circuit Court case, Motion to Withdraw Reference, PNC Financial Motion for Direction and proposed Stipulation; **4)** Research – removal actions, withdrawal of reference and Stern v Marshall case; **5)** Drafting Notice of Removal, Response and Memorandum to Motion to Withdraw Reference, Motion to Extend Automatic Stay, Motion to Substitute Attorneys, Notices and Orders; **6)** Meetings, teleconferences and correspondence with management and attorneys for Claire Nardoni regarding Circuit Court case status and resolution of Circuit Court case; **7)** Review Circuit Court case docket, analyze Circuit Court ruling and determine effects of ruling on Chapter 11 case; **8)** Teleconferences with First Merit and Nardoni attorneys relating to First Merit claim and transfer of claim to Nardoni; and **9)** Court – Representation at hearings;

   G. **Plan and Disclosure Statement** - This service category involved 134.30 hours of services related to the Debtor's obligation to draft a Plan of Reorganization and Disclosure Statement that included: **1)** Teleconferences, meetings and communications with GD and Claire Nardoni attorneys to discussing terms and provisions of drafts of Plan of Reorganization and Disclosure Statement; cash flow projections, consolidated financial statements and all matters relating to the Plan of Reorganization and Disclosure Statement, **2)** Drafting Plan of Reorganization, Disclosure Statement, Liquidation Analysis and amendments thereto **3)** Teleconferences, meetings and communications with Greg Dubrick and Claire Nardoni's attorneys relating to effect of Circuit Court ruling and Skurka settlement on Plan of Reorganization and negotiating terms and provisions of amended Plan of Reorganization and Disclosure Statement, all matters relating to the thereto and Motion to Extend Exclusivity, **4)** Drafting Motion to Extend Exclusivity, Notice and Order; **5)** Reviewing FirstMerit's Objection to Motion to Plan of

Reorganization; **6)** Drafting Amended Plan of Reorganization, Disclosure Statement and attachments, and revisions to Plan; **7)** Draft Confirmation Hearing notices, orders, and solicitation documents; and, **8)** Representation of Debtor at hearings.

      H.     **Professionals -** This service category involved 21.10 hours of services that included: **1)** Drafting First, Second, Third and Final Applications for Allowance of Interim Compensation, Order and Time Sheets; **2)** Reviewing and revising Time Sheets, Notices and Order; and, **3)** Court – Representation at hearings Applications for Allowance of Interim Compensation.

      I.     **Setoff Recovery –** This service category involved 5.40 hours of services pertaining to FirstMerit Bank's pre petition setoff of funds on deposit, and includes: **1)** Reviewing bank account documents and documents evidencing setoff; **2)** Research setoff standards; and, **3)** Teleconferences and correspondence with GD and FirstMerit attorneys relating to the setoff and Debtor's demand for return of setoff funds.

      13.    All of the professional services performed were actual and necessary for the proper representation of the Debtors as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to the Court's September 1, 2011 Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.

      14.    There has been no duplication of services by Monica C. O'Brien, Christina M. Riepel, Dennis E. Quaid or Gregory K. Stern.  Mr. Quaid oversaw and supervised all aspects of the case and all attorney services performed.  Generally, only one (1) attorney was assigned to a specific matter.  In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved or the critical time constraints that existed.

      15.    The value of the professional services rendered to the Debtor, as Debtor In Possession, covered by this Application is $178,191.50[1].

---

[1] The blended hourly rate of all attorney services is $369.92 per hour

16. Actual and necessary costs in the amount of $2,187.37 have been expended by Counsel. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien and Christina M. Riepel pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $177,976.00 for actual and necessary professional services rendered and reimbursement in the amount of $2,187.37 for actual and necessary costs and expenses incurred; authorizing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $10,398.40 as a priority cost of administration; and, for such other relief as this Court deems just.

Respectfully submitted,

By: /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558